# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JORDAN J. JAHEEM,        :

    Plaintiff,              :

vs.                      :      CA 15-0663-CG-C

AIDT MARITIME TRAINING CENTER :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on motion of the Court to dismiss this action pursuant Rules 4(m) and 41(b), FED. R. CIV. P. Upon consideration of the procedural background, the Magistrate Judge recommends that the Court **DISMISS** Plaintiff's complaint for failure to perfect service pursuant to Rule 4(m), FED. R. CIV. P., and for failure to prosecute pursuant to Rule 41(b), FED. R. CIV. P.

## PROCEDURAL BACKGROUND

The Plaintiff initiated this action on December 30, 2015. (*See* Doc. 1). On March 7, 2016, the Clerk of the Court issued a summons to the Defendant. (Doc. 4). On May 17, 2016, the Plaintiff filed the Motion for Extension of Time to Serve Defendant (Doc. 5) and informed the Court that he attempted to serve the Defendant by certified mail, which was returned and refused, and that he intended to serve the Defendant through a private process server. Further, the Plaintiff requested that the Court extend the time to serve the Defendant by sixty (60) days. (*See* Doc. 5). On May 17, 2016, the Court issued an order (Doc. 6)

granting the Plaintiff's motion and extending the deadline to perfect service to July 18, 2016. On July 27, 2016, ("July Order"), the Court ordered the Plaintiff to "file a status report no later than **August 3, 2016** showing cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to the Plaintiff's failure to prosecute this action and obey this Court's lawful orders." (Doc. 7 at 1). That status report was to include "(a) proof of service for the Defendant; (b) waiver of service for the Defendant; or (c) whatever showing [the Plaintiff] deems necessary and sufficient as to why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effect service." (Doc. 7 at 2).

## **CONCLUSIONS OF LAW**

### A. **Failure to Perfect Service.**

Rule 4(c)(1), FED. R. CIV. P., provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.". Rule 4(m), FED. R. CIV. P., provides that "[i]f a defendant is not served within 120 days (amended to ninety (90) days as of January 1, 2016) after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In this case, Plaintiff was responsible for serving Defendant (*see* Doc. 4), not later than April 28, 2016, 120 days after the filing of the complaint. On motion of the Plaintiff, the deadline to serve the Defendant was extended, and the Plaintiff was ordered to file proof of service by July 18, 2016. As of the date of this

order, 247 days after the filing of the complaint, proof of service has not been filed.

Accordingly, it is recommended that the Court **DISMISS** Plaintiff's complaint for failure to perfect service pursuant to Rule 4(m), FED. R. CIV. P.

**B.     Failure to Prosecute.**

An action may be dismissed if the plaintiff fails to prosecute it or if she fails to comply with any court order. *See* FED. R. CIV. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Here, the Plaintiff has failed to comply with the undersigned's orders dated May 17, 2016, extending the deadline to file proof of service, and July 27, 2016, ordering the Plaintiff to file a status report.

Accordingly, it is recommended that the Court **DISMISS** Plaintiff's complaint for failure to prosecute pursuant to Rule 41(b), FED. R. CIV. P.

The Clerk of Court is **INSTRUCTED** to assign this matter to a district court judge for consideration of this report and recommendation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28

U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 7th day of September, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**